UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN M.S. OLLIE,

        Plaintiff,

v.                                                       Case No. 19-cv-270-pp

MILWAUKEE AREA TECHNICAL COLLEGE,
MILWAUKEE AREA TECHNICAL COLLEGE
OFFICE OF STUDENT LIFE,
MILWAUKEE AREA TECHNICAL COLLEGE
DISTRICT BOARD, and MILWAUKEE AREA
TECHNICAL COLLEGE AFFIRMATIVE ACTION OFFICER,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE WITHOUT PREJUDICE**

---

In a three-month span, the plaintiff filed four complaints in this district against a technical college, a mental health complex, a local non-profit organization, the NBA, NFL, Twitter, Instagram, Facebook, a McDonald's employee in Illinois and many others. See Ollie v. Wisconsin Cmty. Serv., *et al.*, Case No. 19-cv-271 (E.D. Wis. 2019); Ollie v. Milwaukee Cty. Behavioral Health Div., *et al.*, Case No. 19-cv-272 (E.D. Wis. 2019); and Ollie v. Nat'l. Basketball Ass'n, *et al.*, Case No. 19-cv-745 (E.D. Wis. 2019). Defendants named in this case also appear as defendants in Case No. 19-cv-745. Because the plaintiff has failed to state a claim for which a federal court can grant relief, the court will dismiss this case without prejudice.

1

## I. Plaintiff's Ability to Pay the Filing Fee

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee states that he does not have any income of any kind. Dkt. No. 2 at 1-2. The request indicates that the plaintiff has $600 a month in expenses–-$300 a month for rent and $300 a month for utilities. Id. at 2-3. He doesn't own any property of value. Id. at 3. The court concludes that the plaintiff does not have the ability to pay the filing fee.

## II. Screening

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) ). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id., 550 U.S. at 555. Because the

plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

    A.    <u>Facts Alleged in the Complaint</u>

The plaintiff lists as defendants Milwaukee Area Technical College (MATC), the MATC College Office of Student Life, the MATC District Board and an MATC Affirmative Action Officer. Dkt. No. 1. At the same time, paragraph one of the complaint alleges the following individuals or entities violated his rights: "affirmative action officer, district board, chief disciplinary officer, college, college community, college officials, executive vice president, designee, director of student life, faculty members, hearing committee, hearing officer, vice president of student services, Carla Holloway, Archie Graham, Bruce Schoenberger, Camille Nicolai, Robert A. Kurth and Black Student Union." Id. at 2.

The plaintiff says that he complained three times about academic misconduct. Id. The defendants allegedly "flip[ped] the script" on the plaintiff. Id. at 3. The plaintiff's grades dropped, and he had to meet with Robert A. Kurth who told him he had "reconstructive and aggressive behavior." Id. The plaintiff alleges that:

> I was put on medication that cause people to suicide thoughts and talk with a muscle movement problem with (my mouth, jaw, and teeth) I can't control. Then dropped. From class Oct. 5, 2016. It started April 5, 2014 – present. Still dealing with unresolved issues with the defendant(s). Everything happened on campus. Excuse me. #5. Whey they did it, if you know? I believe it's obviously not the first this done happen. Why do we have to relieve this moment! Gosh!

Id. at 4.

The plaintiff then explains it's not about the student loans but rather "standing up to bullying." Id. at 5. He alleges he will never perform on stage again with his speech problem and the medication caused him to have suicidal thoughts. Id. "They" called him the devil before he left. Id. The plaintiff now fears going to any other college in Wisconsin. Id.

B. Analysis

As the court has explained to the plaintiff in the past, there are limits on the kinds of cases that a federal court may consider. See Case No. 19-cv-271, Dkt. No. 3 at 3. Courts can consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states—if the amount they are fighting over is more than $75,000. 28 U.S.C. §§1332. Federal courts *cannot* consider and decide lawsuits that involve state law, unless the plaintiff and the defendant are from two different states, or unless the state-law claims relate to a federal claim.

The plaintiff says that he is suing under *state* law because his citizenship is different from every defendant and the amount in controversy exceeds one million dollars. Dkt. No. 1 at 4. The plaintiff resides at 5933 N. 37th Street in Milwaukee, and the MATC defendants each have a principal place of business in the same city. Id. at 2-3. The plaintiff cannot show that the court has diversity jurisdiction to hear the case.

Because the plaintiff is representing himself, the court also has considered whether the plaintiff might be trying to allege that the defendants

4

somehow violated a federal law or the United States Constitution. Section 1983 provides a cause of action for individuals against defendants who have denied them their constitutional rights "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. §1983. To state a valid cause of action under §1983, a plaintiff must demonstrate that (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States and (2) the deprivation of that right resulted from the defendant(s) acting under color of law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

The plaintiff has not alleged any facts that would allow this court to conclude that any one of the defendants deprived him of any right secured by the Constitution or laws of the United States. The plaintiff reported academic misconduct, presumably sometime in 2014, but does not say to whom he reported the misconduct. Sometime after that one or more of the defendants "flip[ped] the script" on the plaintiff. The plaintiff never explains what that means. If flipping the script means retaliation for reporting academic misconduct, the defendant does not explain what the defendants did in retaliation, or which defendants did it or when. He said his grades dropped but he does not allege which, if any, of the defendants gave him bad grades for alleging academic misconduct.

Someone named Robert Kurth diagnosed the plaintiff with a "reconstructive and aggressive behavior issue." Dkt. No. 1 at 3. The court does

5

not know whether MATC employs Kurth. The plaintiff says that he "was put on medication" but never identifies who prescribed the mediation or whether that person was a state actor. Finally, the plaintiff writes "Then dropped. From Class. Oct. 5, 2016." It's not clear whether he dropped the class or one of the defendants dropped the plaintiff from the class. At most, the plaintiff still has "unresolved issues" with one or all of the defendants. He never identifies those issues. The plaintiff says that he wants to stand up to bullying.

Notice pleading requires a plaintiff to state enough specific facts to give each defendant notice of what it is the plaintiff believes that defendant did to harm him. The court has considered several possible constitutional claims, including equal protection, conspiracy, due process, First Amendment free speech and retaliation. Even if the court tries to speculate, it cannot come up with a viable claim.

Because the plaintiff has not stated a claim for which a federal court can grant relief, the court must dismiss his case.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 25th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**